[J-11-2014] [MO: Baer, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | |
|---|---|
| FRIENDS OF PENNSYLVANIA LEADERSHIP CHARTER SCHOOL,<br><br>Appellant<br><br>v.<br><br>CHESTER COUNTY BOARD OF ASSESSMENT APPEALS,<br><br>Appellee<br><br>WEST CHESTER AREA SCHOOL DISTRICT,<br><br>Intervenor | : No. 66 MAP 2013<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court dated January 16,<br>: 2103 at No. 790 CD 2012 affirming the<br>: order of the Chester County Court of<br>: Common Pleas, Civil Division, entered<br>: March 30, 2012 and exited April 2, 2012 at<br>: No. 2011-09438-AB.<br>:<br>:<br>: ARGUED:   March 12, 2014<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CONCURRING OPINION

**MR. JUSTICE EAKIN**                    **DECIDED:   September 24, 2014**

I agree with the majority's holding § 1722-A(e)(3) violates the separation of powers doctrine, but I also find meritorious West Chester Area School District's argument that § 1722-A(e)(3) violates the constitutional guarantee of uniform taxation, which the majority declined to address.  See Majority Slip Op., at 11 n.9.   Specifically, the School District argues § 1722-A(e)(3) violates the Uniformity Clause by treating identically situated property differently for taxation purposes and by excluding from the retroactive exemption those charter schools, cyber charter schools, and associated nonprofit foundations that failed to file an assessment appeal prior to the statute's effective date.

The Uniformity Clause provides, "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1. "Taxation, however, is not a matter of exact science; hence[,] absolute equality and perfect uniformity are not required to satisfy the constitutional uniformity requirement." Clifton v. Allegheny County, 969 A.2d 1197, 1210 (Pa. 2009) (citing Leonard v. Thornburgh, 489 A.2d 1349, 1352 (Pa. 1985); In re Harleigh Realty Co., 149 A. 653, 654 (Pa. 1930) ("Scientific formulae, arithmetical deductions and mental contemplations, have small value in making assessments under our practical system of taxation.")). "Some practical inequalities are obviously anticipated, and so long as the taxing scheme does not impose substantially unequal tax burdens, rough uniformity with a limited amount of variation is permitted." Id., at 1210-11 (citation omitted); see also Delaware, L. & W. R. Co.'s Tax Assessment, 73 A. 429, 430 (Pa. 1909) (noting Uniformity Clause requires only "substantial uniformity, which means as nearly uniform as practicable in view of the instrumentalities with which and subjects upon which tax laws operate"). A taxpayer who believes he has been subjected to unequal taxation due to an allegedly unconstitutional statute must demonstrate: "(1) the enactment results in some form of classification; and (2) such classification is unreasonable and not rationally related to any legitimate state purpose." Clifton, at 1211 (citation omitted).

Here, § 1722-A provides for prospective and retrospective tax relief. Prospectively, § 1722-A(e)(1) exempts from real estate taxation: (1) property directly owned by a charter school, cyber charter school, or an associated nonprofit foundation; or (2) property owned by a nonprofit corporation or foundation that is leased to a charter school, cyber charter school, or an associated nonprofit foundation at or below fair market value. 24 P.S. § 17-1722-A(e)(1). Thus, nonprofit landlords leasing property to a

charter school are exempt from all taxation, while similarly situated nonprofits leasing to otherwise exempt organizations do not receive any exemptions. See id. Retrospectively, § 1722-A(e)(3) applies only to those charter schools, cyber charter schools, and associated nonprofit foundations that filed a tax assessment appeal. Id., § 17-1722-A(e)(3). Because only entities that directly own property can file an appeal from a tax assessment, only the first class of entities included in § 1722-A(e)(1) may obtain retrospective tax relief under § 1722-A(e)(3); entities that lease property are ineligible. Id. Similarly, entities that directly own property but failed to file an appeal from a tax assessment are ineligible for retrospective tax relief. Id.

By treating identically situated taxpayers differently for taxation purposes and excluding from the retrospective exemption entities that failed to or could not file an assessment appeal, § 1722-A results in classifications that are unreasonable and not rationally related to any legitimate state purpose. See Clifton, at 1211 (citation omitted). The provisions of § 1722-A impose unequal tax burdens and therefore violate the Uniformity Clause. See, e.g., id., at 1228-29 (holding inequitable assessments amongst similarly situated taxpayers violated Uniformity Clause); City of Harrisburg v. School District of the City of Harrisburg, 710 A.2d 49, 53-54 (Pa. 1998) (holding unequal tax treatment of lessees of public and nonpublic property violated Uniformity Clause).

That said, I concur in affirming the Commonwealth Court because, as explained by the majority, § 1722-A(e)(3) also violates the separation of powers doctrine and is therefore unconstitutional.

Mr. Chief Justice Castille joins this concurring opinion.